UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BOCCANFUSO,

      Plaintiff,

v.                                   Case No.  8:21-cv-02272-AAS

FRANK BISIGNANO,[1]
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

Plaintiff Michael Boccanfuso's counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $35,855.00. (Doc. 26) The Commissioner has no objection.[2] (*Id.* at p. 7).

Mr. Buccanfuso applied for Social Security Disability benefits, which were initially denied and denied on reconsideration. (Tr. 58–93, 98–104, 108–20, 182–83). Mr. Buccanfuso then requested a hearing before an

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

Administrative Law Judge (ALJ), who found Mr. Buccanfuso not disabled. (Tr. 7–28). The Appeals Council denied Mr. Buccanfuso's request for review of the ALJ's decision. (Tr. 1–6). Mr. Buccanfuso then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Mr. Buccanfuso. (Docs. 21, 22). The Commissioner found Mr. Buccanfuso disabled on remand.

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed 25% of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Social Security Administration awarded Ms. Smith past-due benefits of $109,442.90 and withheld $35,855.00 to pay his attorney's fees. (Doc. 26-1). Mr. Buccanfuso's counsel now requests this amount minus the attorney's fees already awarded under the Equal Access to Justice Act (EAJA). (Doc. 26).

The court awarded Mr. Buccanfuso's counsel $3,267.34 in attorney's fees under the EAJA. (Doc. 24). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Mr. Buccanfuso's counsel must refund any attorney's fees awarded under the EAJA.

Accordingly, it is **ORDERED** that the Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 26) is **GRANTED**. Mr. Buccanfuso's counsel is

awarded **$35,855.00** in attorney's fees and must refund to Mr. Buccanfuso the attorney's fees received under the EAJA.

ENTERED in Tampa, Florida, on May 5, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3